UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KELVIN RAY SMITH | CIVIL ACTION |
| VERSUS | |
| N. BURL CAIN, WARDEN | NO. 14-0790-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 6, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KELVIN RAY SMITH** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, WARDEN** | **NO. 14-0790-SDD-RLB** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's "Motion for Approval of a Judicial Officer to Open *Pro Se* Prisoner Filings in Closed Case and Motion for Rule 60(d)(1)(2) for an Independent Action to Relief from a Judgement, Order or Proceeding."[1] By this motion, the petitioner, Kelvin Ray Smith, challenges his 1980 conviction entered on a charge of second degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner asserts that although he has previously pursued federal habeas corpus relief in this District, attacking the same conviction that is at issue in this matter, he should be allowed to proceed with this successive habeas corpus application in light of recent decisions by the United States Supreme Court in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013), and *Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911 (2013).

In three prior proceedings before this Court, the petitioner has pursued federal habeas corpus relief in this District. In the most recent such proceeding, filed in 1999, *see Kelvin Ray Smith v. Burl Cain, et al.,* Civil Action No. 99-0492-FJP-DLD, the petitioner was granted authorization by the United States Court of Appeals for the Fifth Circuit, as mandated by 28 U.S.C. § 2244(b)(3), to file a successive habeas corpus application and to assert a claim therein

---

1. Fed. R. Civ. P. 60(d)(1) provides that the Rule "does not limit a court's power to ... entertain an independent action to relieve a party from a judgment, order, or proceeding."

relative to an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963). That proceeding was ultimately dismissed by this Court in March, 2001, and the petitioner's appeal of that determination, and his subsequent application for further review before the United States Supreme Court, were denied in November, 2001, and April, 2002, respectively. More than a year later, in June, 2003, the petitioner filed a motion in that proceeding, pursuant to Fed. R. Civ. P. 60(b), seeking relief from the Court's Judgment, which motion was denied by this Court on July 17, 2003. Approximately seven years later, in August, 2010, the petitioner again moved to reopen the case, based upon a then-recent decision of the United States Supreme Court, *Holland v. Florida*, 560 U.S. 631 (2010). Pursuant to Ruling and Order dated September 8, 2010, this Court denied the referenced motion, finding that the motion was "a successive petition which was filed without obtaining the permission of the Fifth Circuit Court of Appeals" as mandated by 28 U.S.C. § 2244(b)(3). Although the petitioner initially sought to appeal that determination, the appeal was thereafter dismissed, in November, 2010, pursuant to the petitioner's motion.

In the instant proceeding, the petitioner now again seeks to reopen his case and overturn his 1980 conviction, and he again relies upon recent decisions of the United States Supreme Court to justify the filing of a successive application. Specifically, he points to *McQuiggin v. Perkins*, *supra*, which concluded that a claim of "actual innocence" that is based upon new evidence may, in certain circumstances, provide a gateway for review of an otherwise procedurally defaulted claim, and *Trevino v. Thaler*, *supra*, which provides that, in certain circumstances, ineffective assistance of counsel during state post-conviction review proceedings may constitute cause that excuses a procedural default. Notwithstanding, the petitioner's present claims are not properly before this Court at this time.

The present application is in the nature of a successive application for habeas corpus relief within the meaning of 28 U.S.C. § 2244(b). Pursuant to the Fifth Circuit's interpretation of

that statute, a federal habeas corpus application filed after the filing of one or more previous applications is successive when it "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Sepulvado,* 707 F.3d 550, 553 (5th Cir.), *cert denied*, ___ U.S. ___, 134 S.Ct. 420 (2013), *quoting In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). In the instant proceeding, the petitioner purports to rely upon "new evidence" and to assert his "actual innocence" in reliance upon *McQuiggin, supra*, but this new evidence is clearly the same evidence that he previously argued was purportedly withheld from him by the prosecution and that formed the basis for his earlier 1999 habeas application before this Court. Thus, his present substantive review and analysis of the purported "new evidence," that he contends calls his conviction into question, "was or could have been raised" in that earlier application. Further, although the instant proceeding is not brought as a federal habeas corpus application but, instead, as an independent Rule 60 proceeding pursuant to Fed. R. Civ. P. 60(d), the law is clear that Rule 60 proceedings are equally susceptible of running afoul of the prohibition against second or successive applications. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (finding that a post-judgment motion pursuant to Fed. R. Civ. P. 60(b) may be construed to be a second or successive habeas corpus application). *See also United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* The petitioner has not presented this Court with an Order from the Fifth Circuit Court of Appeals allowing him to proceed with this successive application for federal habeas corpus relief. Thus,

this Court cannot consider the instant habeas corpus petition because, without an order from the Fifth Circuit, this Court lacks subject matter jurisdiction over the petitioner's successive application. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Accordingly, the instant application should be considered, in part, as a motion for authorization to proceed with this successive habeas corpus application and should be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631, in order that that Court may determine whether to grant the petitioner authorization to file the instant habeas corpus petition in this Court. *See In re: Tony Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

## RECOMMENDATION

It is recommended that the instant petition be considered, in part, as a motion for authorization to proceed with this successive habeas corpus application and that the instant petition be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631, in order that that Court may determine whether to grant the petitioner authorization to file the instant habeas corpus petition in this Court. *See In re: Tony Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed in Baton Rouge, Louisiana, on April 6, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**